Argued April 22, affirmed May 5, 1975

In the Matter of the Dissolution of the Marriage of
TYERMAN, *Respondent,* and TYERMAN
(No. 28906), *Appellant.*
534 P2d 998

*Robert G. Ringo,* Corvallis, argued the cause for appellant. On the brief were Ringo, Walton & Eves, Corvallis.

*Myron L. Enfield,* Salem, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

## LANGTRY, J.

Husband appeals from the court's decree disposing of the marital estate and setting support payments for the wife in a dissolution case. Husband is a medical doctor who, at the time the dissolution of marriage was occurring, withdrew from private practice and entered the military service as a major. The parties have four children, presently aged 16, 14, 9 .and 7. The 14-year-old boy has emotional problems, the extent of which is difficult to assess, particularly in the present unsettled period.

The wife asserts that she will need to spend full time at home with the children for the next 10 years. The court awarded $150 per month for the support of each of the children, $500 per month support for the wife for 10 years, then $300 per month indefinitely. The evidence concerning the expected pay which the husband will receive is:

"Q  Now, we have supplied to the Court Exhibit B, which indicates that a major with six years service for pay purposes receives a sum of $1,192.80, is that the latest pay-raise schedule?

"A  [Husband:] Yes.

"Q  And you will receive professional pay of $350 a month?

"A  I think that's what it is.

"Q  And in addition you will have nontaxable housing of $227.40, subsistance [sic] pay $50.52, is that correct?

"A  Yes, sir.

"Q  Now, since you are entering for two years, you will receive a professional pay of $12,500 a year?

"A  Yes.

"Q  How will that be payable to you?

"A  I think quarterly.

"Q  All right. Now, there is a recap on this exhibit, is there not, of the total earnings, the deductions, and what your net take-home pay will be?

"A  Yes."

We have searched the transcript record in vain for "Exhibit 'B'," but we do find in the trial court file an "Exhibit 'B'" to a memorandum of husband's attorney. The memorandum is not dated and does not have a filing stamp. This must be what husband's counsel was referring to in the above testimony, but it gives no better information than the testimony about future pay prospects. The briefs speak of the $12,500 per year being a bonus for two years, with the commitment lasting longer. What the husband's future pay will be is thus left quite indefinite in the record.

Counsel has vigorously argued that it will be impossible for husband to pay $600 per month support for the children and $500 per month support for the wife, particularly after the first two years when the extra $12,500 a year for "entering for two years" will terminate. Husband's counsel states in his brief that after taxes and other deductions husband will be receiving a take-home pay of $1,800 per month. If "Exhibit 'B'" is correct, it will be about $1,750 per month. In oral argument husband's counsel said that after the first two years the spendable income will drop to around $1,500 and under the court's order husband would then have to live on $400 per month while paying his previous family $1,100 per month. On the information in the record, considering "Exhibit 'B'" to be a part thereof, it is impossible to reconcile the arguments that have been presented with the evidence. We think the evidence is too indefinite to be assured what husband's income will be after two years in the service.

If what counsel asserts proves to be so, an ad-

justment probably should be made in two years in the amount of the wife's support. The indefiniteness of the evidence appears to reflect as much an inability to determine what the husband's pay will be in two years as it does a failure to produce available evidence. Hence, a determination of what the payments should be then may be determined by future unpredictable events.

We do not find that any of the court's decree with reference to disposition of property was improper. Therefore, we affirm the court's decree but observe that, if the husband's income drops as his counsel forecasts it will in two years, that will be a change of circumstances which will then justify a reappraisal of the amount of support for the wife if proper motion is made therefor.

Affirmed. Costs to neither party.